# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1803-21

U.G.,

    Plaintiff-Respondent,

v.

T.S.,[1]

    Defendant-Appellant.

_____

    Submitted December 5, 2023 – Decided December 21, 2023

    Before Judges Sumners and Perez Friscia.

    On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FV-14-0956-21.

    Dwyer, Bachman, Newman & Solop, attorneys for appellant (Elliott Steven Solop, of counsel and on the briefs; Lauren Conway, on the briefs).

    U.G., respondent pro se.

PER CURIAM

---

[1] We use initials to protect the confidentiality of the victim. R. 1:38-3(d)(10).

Defendant T.S. appeals from the November 4, 2022 Family Part order awarding plaintiff U.G. attorney's fees under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Defendant argues the order awarding attorney's fees was unreasonable and excessive. Our review of the record demonstrates the judge's award of fees is supported by sufficient credible evidence, but we remand for the trial judge to issue an amended judgment reducing $51 from the award amount for paraprofessional work which lacked a certification of services per Rule 4:42-9(b).

The parties were married in 2010 and had two children. On June 24, 2021, plaintiff filed a domestic violence complaint seeking a temporary restraining order (TRO), which was granted. On July 14, defendant filed a domestic violence cross-complaint and was also granted a TRO. A four-day bench trial ensued which included five witnesses and over fifty exhibits.

On August 30, the judge entered a final restraining order (FRO) against defendant after issuing an oral decision. The judge found defendant committed the predicate acts of assault and criminal mischief, and determined there was a need to protect the plaintiff from future acts of domestic violence. Defendant's application for an FRO was denied.

Following the judge's decision, plaintiff's counsel orally moved for attorney's fees advising that an application would be submitted. In August 2021, T.S. filed for divorce. In September 2021, plaintiff filed a certification of services seeking $33,105.96 in attorney's fees. On November 4, the judge issued an order, with an accompanying nine-page written statement of reasons, which granted attorney's fees and costs for the reduced amount of $31,354.12.

The judge acknowledged that, "[t]o determine the reasonableness of the attorney fees and costs, the court must consider the factors set forth in [RPC] 1.5." First addressing RPC 1.5(a)(3) and (8), she found "[p]laintiff's attorney[s] . . . submitted an affidavit of services" and that the charged "rate of $325.00 per hour" was "reasonable." Further, the judge found the attorneys practiced family law and the "hourly rate[s] charge[d]" were "consistent with the fees customarily charged in Morris County for similar legal services and consistent with the experience, reputation, and ability of plaintiff's counsel." The judge "also note[d] that the fee arrangement was in writing as required by [RPC] 1.5(b)." Regarding the "paralegal fee of $125.00 per hour and the secretarial rate of $85.00 per hour," the judge found the reasonableness of the amounts charged could not be ascertained because plaintiff's counsel provided "no information . . . about the qualifications of either person performing these

functions." Thus, the judge declined to award the paraprofessional fees requested.

The judge found under RPC 1.5(a)(1), (5), and (7) that "due to the contentious nature of the litigation and the history of domestic violence between the parties, the case required significant time and labor." Further, "the interrelation between the matrimonial and domestic violence matters and potential immigration consequences required a level of skill and experience to litigate this matter." The judge reasoned because "domestic violence matters [we]re expedited, there were time limitations imposed on counsel."

Under RPC 1.5(a)(4), the judge determined "the time spent on the case by plaintiff's attorneys was reasonable, particularly considering the favorable result achieved for plaintiff." The judge observed that the evidence presented in the cross-TROs was intertwined "in support of and defense of each restraining order application," and the matters were tried together for "judicial economy." She concluded that "[t]he time spent by plaintiff's counsel to defend the allegations of defendant against plaintiff in her application for a restraining order cannot be separated from the efforts expended by plaintiff's counsel to prosecute his application for a[n] [FRO]."

A-1803-21

The judge concluded that "all fees incurred by plaintiff to prosecute his application for a[n] [FRO]" were reasonable except the unsupported amount for paraprofessional fees and attorney's fees which were unrelated to the domestic violence matter. The judge noted counsel's certification "indicate[d] that the total bill for legal services for the domestic violence matter [was] $33,105.96, including $5.71 for fees and expenses." However, after reviewing the bills, the judge found "that $1,070.00 of fees listed . . . for work done by [counsel] pertain to the matrimonial, immigration and criminal matters that [we]re separate from the domestic violence restraining order trial." Further, the judge deducted the amount of "[$]681.84 in fees billed by the paralegal and secretary." Plaintiff was awarded "$31,354.12 in compensatory damages for reasonable attorney fees and costs incurred directly from the domestic violence matter resulting in the issuance of an" FRO.

On appeal, plaintiff challenges the judge's award of attorney's fees, arguing the amount was excessive and unreasonable. In arguing for an award reduction of $13,715, plaintiff challenges both the attorney's fees amount, and paraprofessional charges which were not deducted. Defendant does not challenge the issuance of the FRO.

An award of fees in a domestic violence action "rest[s] within the discretion of the trial judge." McGowan v. O'Rourke, 391 N.J. Super. 502, 507-08 (App. Div. 2007). "We will disturb a trial court's determination on counsel fees only on the 'rarest occasion,' and then only because of clear abuse of discretion" Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)), or "a clear error in judgment." Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010). Our Supreme Court has "cautioned trial courts 'to evaluate carefully and critically the aggregate hours and specific hourly rates advanced by counsel for the prevailing party' and . . . not to 'accept passively the submissions of counsel.'" Hansen v. Rite Aid Corp., 253 N.J. 191, 215 (2023) (quoting Rendine, 141 N.J. at 335). Where a trial judge correctly applies the case law, statutes, and court rules governing attorney's fees, the fee award is entitled to our deference. See Yueh v. Yueh, 329 N.J. Super. 447, 466 (App. Div. 2000); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.7 on R. 5:3-5 (2024).

The PDVA authorizes an award of "reasonable attorney's fees." N.J.S.A. 2C:25-29(b)(4). The PDVA provides for attorney's fees "to avoid a chilling effect on the willingness of domestic violence victims to come forward with their complaints." M.W. v. R.L., 286 N.J. Super. 408, 411 (App. Div. 1995). If,

after considering the factors in Rule 4:42-9(b) and RPC 1.5(a)(1) to (8), the "court finds that the domestic violence victim's attorney's fees are reasonable, and they are incurred as a direct result of domestic violence, then a court, in an exercise of its discretion, may award those fees." McGowan, 391 N.J. Super. at 508. "[D]eterminations by trial courts [regarding legal fees] will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine, 141 N.J. 317).

The judge began her analysis by correctly acknowledging N.J.S.A. 2C:25-29(b)(4) expressly permits an award of reasonable attorney's fees and out-of-pocket expenses as elements of monetary compensation for losses sustained as a direct result of domestic violence. She properly considered and applied the factors under Rule 4:42-9 and RPC 1.5(a) in awarding fees to plaintiff. We observe the judge reviewed the attorney's fees application after presiding over the four-day trial which had five witnesses. The judge noted the complexity of issues in the case and the extensive history between the parties which protracted the trial. We observe a party seeking attorney's fees must establish reasonableness under the RPC 1.5(a) factors. Seigelstein v. Shrewsbury Motors, Inc., 464 N.J. Super. 393, 405-06 (App. Div. 2020).

Under RPC 1.5(a)(3) and (8), the judge found plaintiff's attorneys' fixed hourly rate, pursuant to the retainer agreement, was reasonable and customary for family practitioners in the County. Further, the attorneys' years of experience and practice in family law warranted the hourly fee amount charged.

Regarding RPC 1.5(a) factors (1), (5), and (7), the judge found "the contentious nature of the litigation and the history of domestic violence between the parties" required "significant time and labor." The record demonstrates, in addition to the high volume of evidence, the judge noted counsel had to ensure that multiple "audio recordings of conversations in Hindi . . . were transcribed into English." The judge found because the domestic violence matter was "expedited, there were time limitations imposed on counsel" to prepare. Considering this backdrop, the judge further found the time counsel spent "was reasonable, particularly considering the favorable result achieved for plaintiff" under RPC 1.5(a) factor (4). She found highly relevant the "mosaic of the relationship and the history of domestic violence between the parties" and the necessity to hear the cross-TROs together because they were inextricably intertwined. The judge's cogent findings are amply supported by the record.

In analyzing the reasonableness of the fees, the judge conducted a detailed examination of each billing entry. The judge found plaintiff's counsel provided

sufficiently descriptive entries. Although plaintiff requested $33,105.96 in fees, the amount was reduced to exclude unsupported charges. The judge reduced the attorney's fees charged for twenty-two billing entries for unrelated work in the amount of $1,070 and precluded eleven billing entries for paraprofessional fees in the amount of $681.84. It is undisputed that an attorney's fees application that includes compensation for paraprofessional services rendered requires, pursuant to Rule 4:42-9(b), a certification providing "a detailed statement of the time spent and services rendered by paraprofessionals, a summary of the paraprofessionals' qualifications, and the attorney's billing rate for paraprofessional services to clients generally." The judge correctly reasoned that because a paraprofessional certification was not provided, the reasonableness of the charges could not be determined. The judge therefore reduced the award to $31,354.12 for fees found to be "reasonabl[y] . . . incurred directly from the domestic violence matter resulting in the issuance of a[n] [FRO]."

We reject defendant's contention that the judge erroneously awarded an unreasonable and excessive amount of attorney's fees. Defendant's contention that the attorney's fees charged were unrelated and duplicative is unsupported by the record. Again, the judge presided over the trial, was familiar with

counsels' representation, and completed a detailed review of each billing entry; therefore, we see no reason to disturb the judge's reasonableness findings.

However, as argued by defendant, the judge precluded all paraprofessional fees, and a review of the billing entries yields a clerical error in a single missed charge not deducted. As we have noted, the judge found all paraprofessional fees were to be deducted because "plaintiff did not sustain his burden of proof on the reasonableness of the rate of the paralegal and secretary" fees charged "due to [a] lack of information on their qualifications." Accordingly, the single missed charge for secretarial work, completed on July 26 for $51, should have been deducted. Defendant's request for a deduction for a paraprofessional charge from August 31 for $62.50 is unavailing because that entry was considered and deducted in the judge's analysis of the attorneys' entries. As such, based on the judge's detailed findings, the paraprofessional entry for $51 shall be reduced from the award.

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, reversed in part, and remanded only for entry of a corrected judgment in the amount of $31,303.12. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1803-21